NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  17-15297 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-01294-FJM |
| | D.C. No. 2:04-cr-00585-FJM-1 |
| v. | |
| LARRY JAMES RADY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued October 5, 2017
Submitted November 29, 2017
Pasadena, California

Before:  MOTZ,[**] M. SMITH, and NGUYEN, Circuit Judges.

Larry James Rady appeals the district court's order denying his motion to

vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Reviewing the

district court's order *de novo*, *see United States v. Manzo*, 675 F.3d 1204, 1209

(9th Cir. 2012), we reverse.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
[**]       The Honorable Diana Gribbon Motz, United States Circuit Judge for
the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

After Rady pleaded guilty to one count of being a felon in possession of a firearm and armed career criminal, in violation of 18 U.S.C. § 922(g)(1) and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the district court sentenced Rady to the ACCA's fifteen-year minimum term of imprisonment because it concluded that Rady previously had been convicted of at least three violent felonies. In light of our opinion in *United States v. Jones*, No. 17-15869, Rady's convictions for armed robbery under Arizona law no longer qualify as violent felonies under the ACCA.

The fact that Rady was convicted of armed robbery under an earlier version of Arizona's robbery statutes[1] does not compel a different result. As we noted in *United States v. Molinar*, Arizona courts have continued to rely on case law interpreting earlier robbery statutes to determine the degree of force necessary to commit robbery under the current statutes. No. 15-10430, 2017 WL 5760565, at *4 n.4 (9th Cir. Nov. 29, 2017). And in considering this case law ourselves, we have found it to indicate that the force that Arizona law requires is not sufficiently violent to satisfy the ACCA's force clause. *Id.* at *4. Accordingly, for purposes of deciding whether Arizona armed robbery is a violent felony under the ACCA's force clause, there is no material difference between the current version of Arizona's robbery statutes and the version under which Rady was convicted.

---

[1] Ariz. Rev. Stat. §§ 13-641 (1956) and 13-643 (1973).

Without the armed robbery convictions, Rady does not have three violent felony convictions to trigger the ACCA's fifteen-year minimum sentence. We therefore reverse the district court's denial of Rady's § 2255 motion and remand with instructions to proceed consistent with this disposition.

**REVERSED and REMANDED.**